IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01193-GPG

CLINTON T. ELDRIDGE,

    Applicant,

v.

J. OLIVER, Warden,

    Respondent.

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

    Applicant, Clinton T. Eldridge, is a prisoner in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary, Florence ADX, in Florence, Colorado. Mr. Eldridge has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). On June 11, 2015, the court ordered Mr. Eldridge to show cause why the application should not be denied because he appeared to be complaining about his placement at Florence ADX rather than asserting proper habeas corpus claims that challenge the execution of his sentence. On June 24, 2015, Mr. Eldridge filed a Response (ECF No. 5).

    The court must construe Mr. Eldridge's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Eldridge will be ordered to file an amended application if he wishes to pursue any habeas corpus claims in this

action.

In the Response, Mr. Eldridge admits that his allegations regarding retaliation in claim one in the application are not proper habeas corpus claims and seeks to dismiss claim one. He further asserts that his allegations in claim two involve a challenge to several incident reports and asks the court to void those reports. Claim two in the application is deficient because Mr. Eldridge fails to provide a clear statement of the habeas corpus claim he is asserting. Mr. Eldridge contends that his placement in ADX is improper because prison officials relied on "old" disciplinary proceedings. The majority of allegations in claim two concern his placement at ADX. Moreover, Mr. Eldridge fails to identify the specific disciplinary proceedings he is challenging, and he fails to allege specific facts that demonstrate his federal constitutional rights have been violated. The vague and conclusory allegations concerning the disciplinary proceedings are not sufficient to identify the specific claims for relief Mr. Eldridge is asserting and do not demonstrate he is entitled to habeas corpus relief. Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Habeas corpus relief is warranted only if Mr. Eldridge "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, which apply to this habeas corpus action pursuant to § 2241, Mr. Eldridge must identify the specific federal constitutional claims he is asserting and he must provide specific factual allegations in support of his claims that identify the

prison disciplinary proceedings he is challenging and demonstrate he is entitled to relief. These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the [government] should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Mr. Eldridge also is reminded that he cannot assert any civil rights claims in the instant § 2241 action. Any civil rights claims challenging the conditions of his confinement must be asserted in a separate civil rights action pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971) and 28 U.S.C. § 1331. Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Eldridge file an amended application that clarifies the federal constitutional claims he is asserting. It is

FURTHER ORDERED that Mr. Eldridge shall obtain the appropriate, court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Eldridge fails within the time allowed to file an amended application that complies with this order, the action will be dismissed without further notice.

DATED July 23, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge