IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01193-GPG

CLINTON T. ELDRIDGE,

    Applicant,

v.

J. OLIVER, Warden,

    Respondent.

---

## ORDER OF DISMISSAL

---

    Applicant, Clinton T. Eldridge, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) and currently is incarcerated at the ADX in Florence, Colorado. Mr. Eldridge initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Action (ECF No. 2). Applicant has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    On June 11, 2015, Magistrate Judge Gordon P. Gallagher reviewed the Application and directed Mr. Eldridge to show cause why the Application should not be denied. Specifically, Magistrate Judge Gallagher explained that Applicant complained about his placement at the ADX, and therefore, appeared to be asserting civil rights claims, which are not properly raised in a habeas corpus action. Magistrate Judge Gallagher further explained that Applicant may pursue habeas corpus claims challenging the execution of his sentence in the instant § 2241 action, but that if he

intends to assert civil rights claim challenging the conditions of his confinement, he must file a separate civil rights action pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). On June 24, 2015, Applicant filed a Response (ECF No. 5) to the June 11 Order to Show Cause.

In the Response, Applicant alleged that he wanted to dismiss his retaliation claim (claim one) as an improper habeas corpus claim. Applicant further asserted that claim two involved a challenge to several incident reports and asked the Court to void those reports. Construing the Response liberally, Magistrate Judge Gallagher found that the allegations in claim two remained deficient because (i) Applicant failed to provide a clear statement of the habeas corpus claim he was asserting and failed to identify the specific disciplinary proceedings he was challenging; and (ii) the majority of the allegations continued to complain about Applicant's placement at the ADX. Magistrate Judge Gallagher again reminded Applicant that he cannot assert civil rights claim in the instant § 2241 action and that claims challenging the conditions of his confinement must be brought in a separate civil rights action pursuant to *Bivens.* Magistrate Judge Gallagher ordered Applicant to file any amended application that clarifies the habeas corpus claims he intends to assert in the instant action. On August 21, 2015, Mr. Eldridge filed an Amended Application (ECF No. 7).

The Court must construe the Amended Application liberally because Mr. Eldridge is not represented by an attorney. *See Haines v. Keener*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Amended Application will be denied and the instant action

dismissed without prejudice for lack of subject matter jurisdiction.

In the Amended Application, Mr. Eldridge asserts that he was found guilty in three separate disciplinary proceedings based on three incident reports dated April 17, 2004, May 9, 2005, and January 15, 2005, in which the "some evidence" standard was not met. (ECF No. 7 at 2-10). Mr. Eldridge concedes that he is not challenging these disciplinary hearings; rather he seeks to challenge "the hearing held on January 12, 2015, Exhibit D and notice on January 2, 2015, Exhibit E" and "how the hearing officer used the three (3) incident reports, as Exhibits A, B, and C without the 'some evidence' standard." (*Id.* at 3). The January 12, 2015 hearing and January 2, 2015 notice involve the "retroactive ADX General Population Hearing pertaining to [Applicant's] placement at the ADX." (*Id.* at 18-20). The Notice advised Applicant that he qualified for placement at the ADX because (1) his "conduct creates a risk to institution security and good order, poses a risk to the safety of staff, inmates or others, or to public safety;" and (2) "[a]s a result of [his] status either before or after incarceration, [he] may not be safely housed in the general population of a regular correctional institution." (*Id.* at 20). The Notice also included the factual bases for recommending Applicant's placement at the ADX, including the three incident reports Applicant identifies in his Amended Application. (*Id.*). As relief, Applicant asks the Court to "vacate the three (3) incident reports, and rule the hearing as void, and to transfer petitioner to a facility that can properly house petitioner because the criteria do not support the facts as presented by the hearing officer." (*Id.* at 12).

Applicant's claims and the relief sought are not properly addressed in this § 2241 action. "The essence of habeas corpus is an attack by a person in custody upon the

3

legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, "a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). In contrast, "a request by a federal prisoner for a change in the place of confinement is properly construed as a challenge to the conditions of confinement, and, thus, must be brought pursuant to [*Bivens* ].' " *Id.* (affirming district court's denial, on jurisdictional grounds, of prisoner's habeas petition seeking transfer out of super-maximum security prison, and quoting *United States v. Garcia,* 470 F.3d 1001, 1003 (10th Cir. 2006) (affirming district court's summary denial of motions seeking transfer to facilities located closer to their families because claims challenged the conditions of confinement and were not appropriately brought pursuant to § 2241 )); *see also Boyce v. Ashcroft,* 251 F.3d 911, 917-18 (10th Cir. 2001) (vacated as moot) (finding that an action by a federal prisoner regarding his transfer from one federal prison to another was not properly brought pursuant to § 2241).

Moreover, "[f]or inmates being punished for misconduct, a liberty interest exists only when the penalty lengthens the confinement or involves an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' " *Meek v. Jordan*, 534 F. App'x 762, 765 (10th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Thus, an inmate must show that the punishment will "inevitably affect the duration of his sentence." *Sandin,* 515 U.S. at 487.

In the instant action, Applicant's claims challenge the BOP's choice of prisons,

and do not inevitably affect the duration of Applicant's sentence.  Moreover, Applicant seeks transfer to another facility, which is properly construed as a challenge to the conditions of his confinement.  Accordingly, the Court finds that the Amended Application is subject to dismissal for lack of subject matter jurisdiction because Applicant's claims challenge the facility in which he is confined, thereby implicating the conditions of confinement, rather than the duration thereof.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 7) is denied and the action dismissed without prejudice for lack of subject matter jurisdiction.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  18th  day of   September  , 2015.

               BY THE COURT:
               s/Lewis T. Babcock
               LEWIS T. BABCOCK, Senior Judge
               United States District Court